IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES C. PIANGA )
)
v. ) NO. 3:05-0498
)
WILLIAMSON COUNTY JAIL, et al. )

TO: Honorable Robert L. Echols, District Judge

### R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered June 24, 2005 (Docket Entry No. 3), the Court referred the above captioned civil rights action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is Defendant Robert Hollister's motion to dismiss (Docket Entry No. 7) and Defendant Roderick Berry's motion for summary judgment (Docket Entry No. 23). Plaintiff has made several filings opposing dismissal of this action. See Docket Entry Nos. 16-17, 20-22, and 30. For the reasons set out below, the Court recommends that the motions be granted and that this action be dismissed.

### I. BACKGROUND

Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") confined at the West Tennessee State Penitentiary. He filed this action pro se and in forma pauperis under 42 U.S.C. § 1983 on June 23, 2005. He seeks monetary and declaratory relief for violations of his

constitutional rights alleged to have been committed while he was confined at the Williamson County Jail ("Jail") between April 29, 2004, and July 27, 2004. Named as defendants to the complaint are two specific individuals, Sgt. Roderick Berry and Dr. Robert Hollister, as well as unknown Jail personnel and Jail medical personnel.

Plaintiff alleges that he was denied adequate medical attention, was assaulted by guards and was subjected to retaliation, and that his due process rights were violated and he was denied access to the courts. Plaintiff's factual allegations are contained in a single, sixteen line paragraph. Although the allegations are primarily general statements of wrongdoing, he does refer to three specific instances when he asserts he was mistreated: 1) he arrived at the Jail on April 29, 2004, with injuries he allegedly suffered during his arrest and was not given proper medical care by "the jail personal (sic);" 2) on June 19, 2004, he became unconscious as a result of the lack of medical care and had to be taken to the emergency room; and 3) he was assaulted by guards at the Jail on June 23, 2004, in retaliation for his requests for medication and medical care and was subsequently denied medical care for injuries he sustained during the assault. See Complaint (Docket Entry No. 1) at 3. There are no allegations in the paragraph against any specific individuals. Attached to the complaint are twenty-three pages of documents gathered by Plaintiff while at the Jail, including grievance forms, disciplinary forms, and notes.

By the order of referral, process was issued to the two named Defendants. In lieu of an answer, Defendant Hollister has filed the pending motion to dismiss. Defendant Berry filed an answer (Docket Entry No. 9), and subsequently filed the pending motion for summary judgment. Plaintiff has not moved to amend his complaint to identify any other individuals as defendants.

2

## II. DEFENDANTS' MOTIONS

Defendant Hollister seeks dismissal of the complaint under Rule 12 of the Federal Rules of Civil Procedure arguing that the allegations contained in the complaint fail to state a claim against him upon which relief can be granted. He contends that the complaint does not allege that he committed any specific acts or omissions and that no specific factual allegations of wrongdoing are made against him. Hollister further asserts that the one year statute of limitations bars some of Plaintiff's claims and that Plaintiff has not pled a jurisdictional basis for a claim of medical malpractice based on state law.

Defendant Berry seeks summary judgment on any claims made against him under Rule 56 of the Federal Rules of Civil Procedure. Berry contends that he was involved in an incident with Plaintiff on June 23, 2004, in which he used a small measure of reasonable force against Plaintiff in order to place him in handcuffs and escort him to another cell after he became disruptive and disobeyed orders. Relying upon his own affidavit (Docket Entry No. 25) and the affidavit Joseph Defendoll, who is another guard at the Jail (Docket Entry No. 26), Defendant Berry asserts that his actions did not violate Plaintiff's constitutional rights. Berry further contends that the statute of limitations bars some of Plaintiff's claims, that he is not the proper defendant for any official capacity claims asserted by Plaintiff, that he is entitled to qualified immunity from any damage claims, and that none of the other constitutional claims made by Plaintiff state a claim against him because the complaint does not contain any factual allegations of wrongdoing on his part for any of these claims.

### III. PLAINTIFF'S RESPONSE

Despite being notified by the Court of both motions and of the need to specifically respond to the motions, see Docket Entry Nos. 10 and 29, Plaintiff has not filed a response which directly addresses either of the motions or the grounds for dismissal raised by Defendants. Nor has Plaintiff amended his complaint to clarify his factual allegations or buttressed his complaint with any kind of additional evidence supporting his claims. Although Plaintiff repeatedly states that he has witnesses to his claims, see Docket Entry No. 20 and 21, he has not provided affidavits from these witnesses which support his allegations.[1]

What Plaintiff has filed are twenty pages of complaints that he has not been appointed counsel and is proceeding pro se, that he does not understand the legal process, that his claims should go to a jury, and that he is being treated unfairly by the Court. See Docket Entry Nos. 12-14, 16-17, 20-22, and 30. The Court has twice denied Plaintiff's requests for appointment of counsel, see Orders entered August 10, 2005, and August 22, 2005 (Docket Entry Nos. 15 and 19), and Plaintiff's latest filing (Docket Entry No. 30), appears to be an untimely motion for review of these and other orders.

The Court is not persuaded by Plaintiff's filings that he is entitled to any relief. Although he is proceeding pro se, his filings show that he is not illiterate and that he is able to read and to write to the Court. As the volume of letters indicate, he has certainly been able to put together arguments

---

[1] There are two short papers attached to the complaint in which Plaintiff makes allegations of wrongdoing, states that certain events were witnessed by other inmates, and lists names of inmates who witnessed the events and who presumably signed the papers. While these papers may memorialize the names of people whom Plaintiff believes are witnesses, the papers are not affidavits and are not even actual statements by the purported witnesses.

4

for why he believes he is being treated unfairly. The fact that he has chosen to address these collateral issues instead of the merits of his claims is a matter of his own choosing.

### IV. CONCLUSIONS

A. Defendant Hollister's Motion to Dismiss

A motion to dismiss for failure to state a claim is reviewed under the standard that dismissal is appropriate only if it appears beyond doubt that Plaintiff can prove no set of facts in support of his alleged claims which would entitle him to relief. Conley v. Gibson, 355 U.S. 41 (1957); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). For the purpose of a motion to dismiss, the allegations of the complaint are liberally construed and taken as true. Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976). More than bare assertions of legal conclusions, however, are required to withstand a motion to dismiss, and the complaint must contain allegations of fact sufficient to support the asserted legal claims. See Scheid, 859 F.2d at 436-37.

Although the allegations in the complaint were deemed non-frivolous under 28 U.S.C. § 1915(d) for the purpose of issuing process to Defendant Hollister, see Docket Entry No. 3, the Court agrees that the complaint fails to state a claim upon which relief can be granted. For any claim brought under 42 U.S.C. § 1983 based upon allegations that a constitutional right was violated, Plaintiff must show some basis for personal liability against the defendant sued. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1983); see Rizzo v. Goode, 423 U.S. 362 (1976). Further, the complaint must contain specific, non-conclusory allegations of fact which support the claims alleged against a defendant. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

5

The complaint in this action does not contain any allegations which are specifically directed at Defendant Hollister. Indeed, the Court can only guess what Defendant Hollister is alleged to have done or not done to Plaintiff. Although Plaintiff alleges that he was denied medical care and names Defendant Hollister as a defendant, there is absolutely nothing in the complaint which connects Defendant Hollister to any medical wrongdoing.

B. Defendant Berry's Motion for Summary Judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

In considering a motion for summary judgment, the court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting its claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material, and the dispute must be genuine. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

6

248 (1986). The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248.

The Constitution prohibits the wanton and unnecessary infliction of pain upon a prison inmate.[2] Whitley v. Albers, 475 U.S. 312, 319-20 (1986). Accordingly, the unjustified infliction of bodily harm upon a prisoner gives rise to a claim under 42 U.S.C. § 1983. Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992); Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir. 1986). In order to support a constitutional claim, a prisoner must prove both that he suffered an objectively serious injury and that the defendant acted with a sufficiently culpable state of mind in applying the force complained about. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977 (1994); Hudson v. McMillian, 503 U.S. 1, 8, 112 S.Ct. 995, 999-1000 (1992); Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2323-24 (1991).

The mere fact that a prisoner was subjected to physical contact which may have been forceful does not itself show a constitutional violation. Parrish v. Johnson, 800 F.2d 600, 604-05 (6th Cir. 1986). Although a prisoner is not required to show that he suffered a significant injury at the hands of the defendant, Hudson, 503 U.S. at 9, 112 S.Ct. at 1000; see Moore v. Holbrook, 2 F.3d 697, 700 (6th Cir. 1993), because a claim under 42 U.S.C. § 1983 is based on a Constitutional protection as opposed to state tort law, a plaintiff must allege facts sufficient to show that he suffered a serious

---

[2] It is unclear from Plaintiff's complaint whether he was confined at the Jail as a pretrial detainee or a convicted prisoner. If he was confined as a pretrial detainee, the Fourteenth Amendment would apply to his excessive force claim. See Bell v. Wolfish, 441 U.S. 520, 535-39 (1979). Determining this factual matter, however, is not critical because Eighth Amendment standards are used to determine whether the alleged conduct violates the Constitution and, thus, violate Plaintiff's Fourteenth Amendment rights. Barber v. City of Salem, 953 F.2d 232, 235-37 (6th Cir. 1992); Danese v. Asman, 875 F.2d 1239, 1242-43 (6th Cir. 1989); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985).

or grave deprivation or harm.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Wilson, 501 U.S. at 298, 111 S.Ct. at 2324.  As noted by the United States Supreme Court in Whitley v. Albers, 475 U.S. 312, 320-21 (1986), and again in Hudson, several factors are relevant in determining whether a particular use of force was objectively reasonable or, instead, was wanton and malicious.  These factors include the extent of injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the prison official, and any efforts made to temper the severity of the forceful response.  Whitley, 475 U.S. at 321.

In the instant action, Plaintiff has not directly disputed the evidence set forth by Defendant Berry in support of his motion.  This evidence shows that Plaintiff was causing a disturbance at the Jail by holding a blanket in front of his cell door and screaming.  See Defendant Berry's Statement of Undisputed Material Facts (Docket Entry No. 280 at ¶¶ 3-4).  The evidence further shows that Plaintiff refused to comply with orders to halt the behavior and to allow himself to be handcuffed and transported to another cell.  Id. at ¶¶ 5-8.  Accordingly, the evidence shows that there was a legitimate security reason for Defendant Berry's presence in Plaintiff's cell and he was not there to arbitrarily mete out some measure of punishment on Plaintiff.  Id.  Finally, the evidence shows that Plaintiff became physically combative with Defendant Berry and another guard who was assisting Defendant Berry and that the guards were required to use physical force, consisting of pushing Plaintiff to the floor and restraining him, in order to place Plaintiff in handcuffs so that he could be moved to another cell.  Id. at ¶¶ 10-13.  This evidence shows that some measure of physical force was required to be taken to restrain and control Plaintiff and that the force used was restrained. There is no evidence before the Court showing that the use of force was excessive or malicious.

8

Given the undisputed evidence before the Court and Plaintiff's failure to set forth evidence in support of his claim, the Court finds that no reasonable jury could find in favor of Plaintiff if this claim proceeded to trial. In the face of a properly supported summary judgment motion, Plaintiff must present evidence sufficient to show that a genuine issue of material fact exists and that he could succeed on the merits of his claims based on the evidence presented. Liberty Lobby, Inc., 477 U.S. at 252. Plaintiff is not entitled to a trial solely on the basis of his unsupported allegations. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). As set out above, the lack of supporting evidence for Plaintiff's excessive force claim makes it appropriate for summary judgment in favor of Defendant Berry. See Celotex Corp., 477 U.S. at 327.

Because Plaintiff has not even raised a genuine issue of material fact in support of his claim that Defendant Berry violated his constitutional rights by assaulting him, it is implicit that Plaintiff has not shown that Defendant Berry violated his clearly established rights and, thus, he has not defeated Defendant Berry's assertion of qualified immunity. See Siegert v. Gilley, 500 U.S. 226, 232-34 (1991).

The Court also agrees with Defendant Berry that no evidentiary basis exists supporting a claim against him based on any of the other allegations made by Plaintiff. There are no allegations in the Complaint, nor any evidence before the Court, which shows that Defendant Berry took any actions which deprived Plaintiff of his due process rights, retaliated against him, or denied him from obtaining access to the Courts. Summary judgment should be granted to Defendant Berry on each of these claims.

Summary judgment should also be granted on any official capacity claims brought against Defendant Berry. When an official of a county municipality is sued in his official capacity, the suit

9

is viewed as a suit brought directly against the county or local municipality itself. See Frost v. Hawkins County Bd. of Educ., 851 F.2d 822, 827 (6th Cir. 1988). Liability may be assessed only for constitutional violations that were caused by a policy of the municipality. Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978).

In the instant action, Plaintiff has not argued, let alone shown, that any of the alleged constitutional wrongdoings were caused by a municipal policy. Further, as set out supra, the Court finds that there is no evidence before the Court which shows that Defendant Berry violated Plaintiff's constitutional rights.

C. Other Defendants

In his complaint, Plaintiff names as defendants "all unknown named jail personnel," "all unknown named jail medical personnel," the Williamson County Jail, and the Williamson County Jail Administrator. See Docket Entry No. 1. Plaintiff has not amended his complaint to identify any of the unnamed defendants nor was process issued to any of them.

Any claims against these defendants should likewise be dismissed. The Williamson County Jail is a building and cannot be sued. John Doe defendants are not recognized as entities. Wiltsie v. California Dept. of Corrections, 406 F.2d 515, 518 (9th Cir. 1968).

## R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that Defendant Robert Hollister's motion to dismiss (Docket Entry No. 7) and Defendant Roderick Berry's motion for

10

summary judgment (Docket Entry No. 23) be GRANTED and that this action be DISMISSED WITH PREJUDICE in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge