UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES C. PIANGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-0498 |
| | ) | Judge Echols |
| | ) | |
| WILLIAMSON COUNTY JAIL, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

This matter is before the Court on a Report and Recommendation ("R & R") (Docket Entry No. 31) in which the Magistrate Judge recommends granting the Defendant Robert Hollister's ("Hollister") Motion to Dismiss (Docket Entry No. 7) and Defendant Roderick Berry's ("Berry") Motion for Summary Judgment (Docket Entry No. 23) and dismissing Plaintiff's Complaint for alleged violations of his civil rights while he was housed at the Williamson County Jail. The R & R was issued on February 13, 2006, and Plaintiff has filed no objections thereto, even though he was informed in the R & R that any objections needed to be filed within ten (10) days (Docket Entry No. 31 at 11).

Upon review of an R & R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct

1

conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). See, Fed.R.Civ.P. 72(b).

This Court has thoroughly reviewed the Complaint, Defendant Berry's Motion for Summary Judgment, Defendant Hollister's Motion to Dismiss and the assorted documents Plaintiff has filed in this action. The Court finds that the Magistrate Judge properly analyzed Plaintiff's claims and employed the proper legal analysis to resolve those claims and determine that dismissal of this action is appropriate.

Based upon the record, this Court finds that there is no genuine issue as to a material fact with respect to the claims against Berry and that he is entitled to judgment as a matter of law. The Court also finds that the Complaint states no cause of action against Hollister and he is entitled to dismissal of the action against him.

The remaining Defendants are the Williamson County Jail and unnamed individuals. Since the unnamed individuals have never been identified or served, they are subject to dismissal. Boling v. Gibson County, 2006 WL 73727 *7 (W.D. Tenn. 2006); Martin v. Comunale, 2006 WL 208645 * 11 (E.D. Pa. 2006). Additionally, "[a] jail is a building and it is not a suable entity." Spratt v. DeKalb County Jail, 2005 WL 1958654 *3 (N.D. Ind. 2005). Therefore, dismissal is warranted with respect to all Defendants.

In reviewing the file, the Court notes that on February 2, 2006, *prior* to the Magistrate Judge's R & R, Plaintiff filed an "Omnibus: Motion; Request, Appeal and Review of Magistrats [sic] Ruligns [sic]" (Docket Entry No. 30). The Magistrate Judge characterized this filing as "appear[ing] to be an untimely motion for review" of prior Orders of the Court, and in particular, this Court's earlier Orders denying Plaintiff's request for the appointment of counsel (Docket Entry Nos. 15 & 19). This appears to be a correct characterization of the "Omnibus Motion." In any event, this Court has independently reviewed the Motion in conjunction with the entire file and finds that Plaintiff is entitled to no relief from, or reconsideration of, this Court's prior rulings. Therefore, the Omnibus Motion will be denied.

Accordingly, the Court rules as follows:

(1) The Report and Recommendation (Docket Entry No. 31) is hereby ACCEPTED;

(2) Defendant Hollister's Motion to Dismiss (Docket Entry No. 7) is hereby GRANTED;

(3) Defendant Berry's Motion for Summary Judgment (Docket Entry No. 23) is hereby GRANTED;

(4) Plaintiff's "Omnibus: Motion; Request, Appeal and Review of Magistrats [sic] Ruligns [sic]" (Docket Entry No. 30) is hereby DENIED; and

(5) This case is hereby DISMISSED WITH PREJUDICE with respect to all Defendants.

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4